## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ROBERT WILTZ,

     Plaintiff,

v.                                                    Case No. 8:24-cv-1425-WFJ-AEP

A. GRIEVES, *et al.*,

     Defendants.

_____/

## <u>ORDER</u>

THIS CAUSE comes before the Court on *pro se* Plaintiff Robert Wiltz's civil rights complaint, filed pursuant to 42 U.S.C. § 1983. (Doc. 1). Upon review, *see* 28 U.S.C. § 1915A, because Mr. Wiltz has failed to state a viable § 1983 claim, he will be required to file an amended complaint if he wishes to proceed with this action.

Mr. Wiltz alleges that on February 8, 2024, he was "attacked by [his] neighbor" and "arrested even though [he] was the victim." (Doc. 1 at 5). Mr. Wiltz was charged with aggravated battery with a deadly weapon, but the prosecution subsequently filed a "no information," stating that "the facts and circumstances revealed do not warrant prosecution at this time." *State v. Wiltz*, No. 2024-CF-1231, Docs. 2, 8 (Fla. 6th Jud. Cir. Ct.). Based on these allegations, Mr. Wiltz asserts that he was "unlawfully arrested and detained." (Doc. 1 at 3). He also claims that his *Miranda* rights were "not executed." (*Id.*)

Mr. Wiltz sues four defendants: Officer A. Grieves, the "Pinellas County Jail/Sheriff," the State of Florida, and Officer S. Negron. (*Id.* at 2-3). As relief, he seeks

"$600/day for 29 days of incarceration," as well as "$1,500,000 for loss of incubator contract with company and home office non-profit and reputation damages." (*Id.* at 5).

As currently pled, Mr. Wiltz's complaint is deficient. First, he cannot proceed against the State of Florida because it is entitled to sovereign immunity. "The Eleventh Amendment prevents private individuals from suing states . . . for monetary damages, unless the state consents to be sued, has waived its immunity, or Congress has abrogated the state's immunity." *Neely v. Ga. Dep't of Hum. Res.*, 745 F. App'x 890, 892 (11th Cir. 2018). "Congress has not abrogated Eleventh Amendment immunity in § 1983 cases, and the State of Florida has not waived sovereign immunity or consented to suit with respect to such actions." *Driessen v. Univ. of Miami Sch. of L. Child. & Youth L. Clinic*, 835 F. App'x 489, 492 (11th Cir. 2020). Accordingly, Mr. Wiltz cannot pursue a § 1983 damages claim against the State of Florida.

Second, "an allegation that officers failed to follow *Miranda* procedures is insufficient to assert a violation of a constitutional right in order to state a cause of action under § 1983." *Parris v. Taft*, 630 F. App'x 895, 901 (11th Cir. 2015); *see also Vega v. Tekoh*, 597 U.S. 134, 152 (2022) (holding that "a violation of *Miranda* is not itself a violation of the Fifth Amendment, and [does not] confer a right to sue under § 1983"). Thus, Mr. Wiltz cannot pursue a § 1983 claim based on the allegation that his *Miranda* rights were "not executed." (Doc. 1 at 3).

Third, Mr. Wiltz fails to state a plausible claim for false arrest. "An arrest without a warrant and lacking probable cause violates the Constitution and can underpin a § 1983 claim, but the existence of probable cause at the time of arrest is an absolute bar to a

subsequent constitutional challenge to the arrest." *Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 734 (11th Cir. 2010). "Probable cause exists where the facts within the collective knowledge of law enforcement officials, derived from reasonably trustworthy information, are sufficient to cause a person of reasonable caution to believe that a criminal offense has been or is being committed." *Id.* Mr. Wiltz fails to allege facts showing that he was arrested without probable cause. Indeed, he offers almost no pertinent information about the circumstances of his arrest, making it impossible to determine whether "a person of reasonable caution [would] believe that a criminal offense ha[d] been or [was] being committed." *Id.* The false arrest claim is therefore subject to dismissal.[1] *See Hesed-El v. McCord*, 829 F. App'x 469, 472 (11th Cir. 2020) (requiring plaintiff to plead "non-conclusory allegations allowing the [c]ourt to infer the absence of probable cause").

For all these reasons, the complaint is dismissed without prejudice. In light of his *pro se* status, the Court will give Mr. Wiltz an opportunity to amend his complaint. *See Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) ("Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.").

---

[1] It appears that the charge against Mr. Wiltz was eventually dropped, but that fact is "of no consequence" to the probable cause determination. *L.S.T., Inc. v. Crow*, 49 F.3d 679, 685 (11th Cir. 1995) ("The existence of probable cause is an absolute bar to this § 1983 action. The fact that all charges against the plaintiffs were eventually dismissed for one reason or another is of no consequence to this determination.") (citation omitted); *see also Hernandez v. Wells*, No. 8:21-cv-1488-KKM-TGW, 2022 WL 1607190, at *5 (M.D. Fla. May 20, 2022) ("[Plaintiff] alleges that the State Attorney's Office decided to abandon the charge on which [he] was arrested. But those decisions are immaterial for determining whether the officer had probable cause . . . .").

Accordingly, it is **ORDERED** that:

1.   Mr. Wiltz's complaint, (Doc. 1), is **DISMISSED without prejudice**.

   a.  If Mr. Wiltz wishes to amend, he shall file an amended complaint within **THIRTY DAYS** of the date of this order.

   b.  To amend, Mr. Wiltz should complete a new civil rights complaint form, titling it "Amended Complaint." The amended complaint must include all of Mr. Wiltz's claims and may not refer back to, or incorporate, the complaint. The amended complaint shall supersede the complaint. *Malowney v. Fed. Collection Deposit Group*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999).

   c.  The amended complaint shall be subject to initial screening under 28 U.S.C. § 1915A.

2.   If Mr. Wiltz fails to file an amended complaint by the above deadline, or fails to seek an extension of time to do so, this order dismissing the complaint without prejudice will become a final judgment. "[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff [amending his complaint or] seeking an extension. And when the order becomes a final judgment, the district court loses 'all its prejudgment powers to grant any more extensions' of time to amend the complaint." *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d

- 4 -

707, 720-71 (11th Cir. 2020) (quoting *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994)).

3.     Mr. Wiltz must advise the Court of any change of address. He must entitle the paper "Notice to the Court of Change of Address" and must exclude any motions from the notice. Failure to inform the Court of an address change may result in the dismissal of this case without further notice.

4.     The Clerk is **DIRECTED** to mail to Mr. Wiltz a copy of the standard prisoner civil rights complaint form.

**DONE** and **ORDERED** in Tampa, Florida, on June 13, 2024.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE